AARON PHILLIPS *vs.* SARAH G. ALLEN.

The administrator of a *cestui que trust*, in a bill in equity seeking for an account and payment of moneys received by the trustee for timber cut from the land held in trust and sold by him, may properly aver, in addition to setting forth his office of administrator, that he is now the sole owner of the whole equitable interest in the land; and the bill is not multifarious by reason of such averment.

The administrator of a *cestui que trust* may maintain a bill in equity against one to whom the fee in the remainder of land, after the expiration of a life estate in himself, has been devised in trust, and who has accepted the trust, to compel an account and payment of moneys received for timber wrongfully cut from the land and sold by him, before accepting the trust.

BILL IN EQUITY, setting forth that the plaintiff is administrator of the estate of George Alvin Allen, deceased, who was the minor child and sole heir of Alvin Allen, deceased; that Robert Allen, deceased, by his will, devised to his wife, the defendant, the rents, profits, income and improvement of all his real estate during the time she should remain his widow, with remainder in fee, of a portion of the land, to his son George Fox Allen, in trust, for the benefit of Alvin Allen during his life, and after his death to convey the same in fee to the lawful issu that he might have born to him after the date of the will; and providing further, in said will, that, as George Fox Allen was then a minor, the defendant should execute the trust as long as she lived. The bill further alleged that Sarah D. Allen was the mother and sole heir of George Alvin Allen, and that she also had died, leaving the plaintiff her father and sole heir; that after the death of Alvin and George Alvin, the defendant duly accepted the trust, gave bond, and entered upon the discharge of the same; that Sarah D. Allen in her lifetime exhibited a bill

of complaint against the defendant to compel the conveyance of the estate, subject to the defendant's life estate; and after the death of said Sarah D. the plaintiff exhibited a bill of revivor against the defendant, setting forth the facts, on which a decree in his favor was made; (2 Allen, 453;) that before entering upon the trust, or giving bond for the due performance thereof, the defendant entered upon the land and committed strip and waste thereof, and cut off and sold wood and timber therefrom, to the injury of the inheritance. The prayer was for an account, and for a decree for the payment of such sum as should be found due, and for further relief.

The defendant filed a general demurrer, which was overruled, and the defendant appealed to the whole court.

*P. C. Bacon & H. B. Staples,* for the defendant.

*G. F. Hoar,* for the plaintiff.

BY THE COURT. The objection to the bill that it is multifarious is not well founded. The plaintiff does not seek relief in two distinct capacities, as heir of one person and administrator of another. The bill is brought by him in his capacity as administrator of the person in whom the equitable remainder of the estate which was devised in trust to the defendant absolutely vested, on the decease of the *cestui que trust* for life. The allegation that the plaintiff is the heir at law of his daughter, Sarah D. Allen, is inserted, not as a ground of title to relief, but only for the purpose of setting out that the whole interest in the equitable remainder which vested in his grandson, George Alvin Allen, had come to him, and thus of making it appear on the face of the bill that there were no other persons, heirs at law of said George Alvin Allen, interested in the subject matter of the suit, who ought to be joined as parties.

The defendant, in assuming the trust created by the will, was clearly chargeable with money in her hands, the proceeds of timber wrongfully cut and sold by her from the trust estate, to the disinherison of those who, on the decease of Alvin Allen, would be entitled to receive from her a conveyance of the remainder in fee. In the contingency which happened, this equitable remainder vested in the plaintiff's intestate. Although the

timber by the wrongful act of the defendant had become converted into personalty, it still remained bound to the same use as that created in relation to the realty. All of the proceeds which did not belong to the defendant as life tenant, she held in trust for the use and benefit of the person or persons who might take the remainder in fee, on the death of the *cestui que trust* for life. A bill in equity may well be maintained by the plaintiff, as the personal representative of the person entitled to this remainder, to enforce the trust and for an account. 1 Story on Eq. §§ 465, 512.                    *Demurrer overruled.*